IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWEN ROWE-LEE SYKES, et al., | No. C 04-3290-SBA |
| Plaintiffs, | |
| v. | **ORDER** |
| | [Docket No. 22] |
| BERKELEY POLICE DEPARTMENT, et al., | |
| Defendants. | |

On January 12, 2006, the parties in the above-referenced matter filed a Stipulation to Continue Trial Date and Modify Pretrial Preparation Dates ("Stipulation to Continue Trial Date") [docket no. 22.] In their Stipulation to Continue Trial Date, the parties request a seven month continuance of the trial date, with other pretrial deadlines to be re-set accordingly, due to: 1) the significant amount of discovery remaining to be conducted, 2) their wish to engage in further discussions to try to settle or narrow the issues for trial, and 3) the fact that one of the plaintiffs' attorneys, Mr. John Till, will be out on paternity leave during late February and all of March, 2006 and thus unavailable.

In its original Order for Pretrial Preparation filed on January 20, 2005, the Court set this matter for trial on February 13, 2006. On August 22, 2005, the parties jointly requested that the Court postpone the trial approximately four and a half months to June 26, 2006, and that it re-set the other pretrial deadlines accordingly, due to the significant amount of discovery left to complete and the parties' desire to explore settlement discussions. On August 30, 2005, the Court granted that request. In the instant Stipulation to Continue Trial Date, two of the three reasons for the parties' requested continuance are the exact same reasons they originally proffered in the first request for a

continuance.  The parties fail to inform the Court as to how they have managed their time since the first continuance was granted and fail to address why an additional seven months is necessary to prepare for trial.  Namely, the Stipulation to Continue Trial Date does not indicate what discovery (if any) has been completed and what specifically remains to be done.  It also fails to inform the Court what steps the parties have taken in their settlement discussions, and what specifically they envision occurring if this second continuance were granted.  Finally, while the parties state Mr. Till's anticipated leave of absence will have a significant adverse impact on the plaintiffs' trial preparations, the Court notes that plaintiffs have retained two firms in this matter and thus have resources at their disposal with which to manage during Mr. Till's absence.

Consequently, the parties request to continue the trial date in their Stipulation to Continue Trial Date and Modify Pretrial Preparation Dates is DENIED.  All pretrial and trial deadlines remain in full force and effect.

IT IS SO ORDERED.

Dated: 1/18/06

SAUNDRA BROWN ARMSTRONG
United States District Judge